The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS P. TIDES,<br><br>        Plaintiff,<br><br>  v.<br><br>THE BOEING COMPANY,<br><br>        Defendant.<br><br>and<br><br>MATTHEW NEUMANN,<br><br>        Plaintiff,<br><br>  v.<br><br>THE BOEING COMPANY<br><br>        Defendant. | No. 2:08-cv-1601 JCC<br><br>No. 2:08-cv-1736 JCC<br><br>**BOEING'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTED ON MOTION CALENDAR:**<br><br>**December 18, 2009.**<br><br><br>**ORAL ARGUMENT REQUESTED** |

## I.   INTRODUCTION

Plaintiffs spend a substantial portion of their brief slinging mud at Boeing. What they fail to do is demonstrate that they can meet the *prima facie* elements of a claim for whistleblower retaliation under the Sarbanes Oxley Act.

Reply Supporting Summary Judgment (No. 08-1601)  1

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

Boeing asks that the Court strike the improper evidence presented and that the Court grant its motion for summary judgment and dismiss this matter in its entirety.

## II.   MOTION TO STRIKE

Plaintiffs submit several improperly authenticated and hearsay-laden documents with their Response. For the reasons explained herein, Boeing moves to strike Exhibits 1, 3, 10, 11, 12, 17 (and all references to the decision of the Employment Security Department ("ESD")), and 24, along with all references to those documents.

Each of the listed exhibits is improperly authenticated. The only authentication for these exhibits is the declaration of Plaintiffs' attorney that they were obtained from "a reliable sources [sic]" and that they "are what they purport to be." This is insufficient to authenticate these exhibits. In ruling on a summary judgment motion, the Court may only consider admissible evidence. *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (excluding deposition extracts because inadmissible due to inadequate authentication and hearsay); *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1989) (excluding unauthenticated documents). Authentication is a "condition precedent to admissibility," which is satisfied by evidence sufficient to support the claim. *Orr*, 285 F.3d at 773. A document may be authenticated by a witness with knowledge of the document or by any other manner permitted by Fed. R. Evid. 901(b) or 902.

In a summary judgment motion, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the

Reply Supporting Summary Judgment (No. 08-1601)   2

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

affiant must be a person through whom the exhibits could be admitted into evidence." *Orr*, 285 F.3d at 774-75.  Exhibits 1, 3, 10, 11, 12, and 17 are all documents authenticated solely by Mr. Tollefsen.  This is insufficient, as Mr. Tollefsen neither prepared nor witnessed the preparation of these documents and has no special knowledge of their creation.  For that reason, they are inadmissible.  *Orr*, 285 F.3d at 777-78.

Furthermore, each of the listed exhibits contains hearsay for which no exception applies.  All are out of court statements offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801.  As such, all these exhibits should be stricken.  *Orr*, 285 F.3d at 778-79; *Wallace v. Wendy's In't'l, Inc.*, 2006 U.S. Dist. LEXIS 85758, 4-5 (W.D. Wash. 2006).

Exhibit 24 purports to be transcript excerpts of testimony from the trial of Karl Reid.  The transcripts do not identify the name of the witnesses, the trial, or the judge, and are not certified copies of the reporter's transcript.  Accordingly they are not authenticated.  Fed. R. Civ. P. 80(c); *Orr*, 285 F.3d at 776.  Mr. Tollefsen cannot authenticate this exhibit by stating in his affidavit that it is a "true and correct copy," as his statement lacks foundation, even if he were present when the witnesses testified at the Reid trial.  Id. at 776-77.

Finally, Exhibit 17, and any reference to the decision of the ESD should be struck pursuant to RCW 50.32.097.  That statute states that any finding made by the commissioner of the ESD is not admissible as evidence in a separate action outside of Title 50 RCW and has no collateral estoppel effect.  *Wallace v. Wendy's Int'l, Inc.*, 2006 U.S. Dist. Lexis 85758

Reply Supporting Summary Judgment (No. 08-1601)   3

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

(W.D. Wash. 2006); *Sweeney v. Manorcare Health Servs.*, 2006 U.S. Dist. Lexis 26991 (W.D. Wash. 2006). Plaintiff's argument to the contrary is frivolous and without basis.

For these reasons, Boeing requests the Court strike those exhibits and all references to them.

### III.   LAW AND ARGUMENT

Plaintiffs have failed to come forward with admissible evidence that is sufficient to support their claims for whistleblower retaliation.

**A.   Termination is a Discrete Act, Not Part of a Hostile Work Environment.**

Plaintiffs admit that their claim would be untimely "if the actions were discrete and not part of a continuing hostile work environment." Plaintiffs are correct on this point, and as a matter of law it is clear that a termination is a discrete act, not an act related to a hostile work environment. Thus, Plaintiffs' claims, other than the claims for their termination, are untimely.

"[C]laims based on a hostile environment are only timely where at least one act occurred during the limitations period." *Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003); *see also Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) ("If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely ***non-discrete*** acts.") (emphasis added).

Although acts contributing to a hostile work environment are treated as one unlawful employment practice for purposes of the statute of limitations, discrete acts, such as

Reply Supporting Summary Judgment (No. 08-1601)   4

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

termination, failure to promote, denial of transfer, or refusal to hire, cannot qualify as related acts. *Richards v. City of Seattle*, 2008 U.S. Dist. Lexis 49406 (W.D. Wash. 2008). To constitute one actionable unlawful employment practice, the various acts "must have some relationship to each other." *Davis v. City of Seattle*, 2008 U.S. Dist. Lexis 4429 (W.D. Wash. 2008) (citing *Antonius v. King County*, 103 P.3d 729 (2004)). Discrete acts, such as termination, failure to promote, denial of transfer, or refusal to hire, cannot qualify as related acts. *Id*. at 264 (citing *Morgan*, 536 U.S. at 108-13); *Davis v. City of Seattle*, 2008 U.S. Dist. Lexis 4429 (W.D. Wash. 2008).

In *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885 (9th Cir. 2005), the court was faced with the identical circumstances presented here. Plaintiff alleged that timely discrete acts made timely an otherwise untimely hostile work environment claim. The court rejected the argument, holding that while the timely discrete acts could be pursued, the hostile work environment claim was time barred.

> Consequently, we refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances and then, regardless of whatever it was that set the spark in the furnace, call the fire that ignites therefrom a hostile environment. If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts."

*Id*. at 893; *see also, Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir.2003) ("claims based on a hostile environment are only timely where at least one act occurred during the limitations period"); *Mems v. City of St. Paul, Dep't of Fire & Safety Servs*., 327 F.3d 771, 785 (8th Cir. 2003 ("Discrete acts that fall within the statutory time period do not make timely

Reply Supporting Summary Judgment (No. 08-1601)   5

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

acts that fall outside the time period."); *Cooper v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 489 (S.D.N.Y. 2000) ("[D]iscrete discriminatory acts--or discrete instances of discriminatory inaction--not related to a discriminatory policy are not a continuing violation.") (*citing Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993)); *Ruffino v. State St. Bank & Trust Co.,* 908 F. Supp. 1019, 1040 (D. Mass. 1995) ("[T]he simple factual and legal intersection between an underlying claim of discrimination and retaliation is insufficient to revive an otherwise stale claim.").

For this reason, Plaintiffs' claims of adverse employment action, other than their termination, are not actionable and should be dismissed.

**B.     Plaintiffs Were Not Subjected To A Hostile Work Environment.**

Even if Plaintiffs' other alleged acts of adverse employment actions were timely, they do not rise to the level of a hostile work environment and therefore cannot support a claim for whistleblower retaliation.

A *prima facie* claim for hostile work environment must raise triable issues of fact as to whether (1) the plaintiffs were subjected to verbal or physical conduct because of their protected status (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of their employment and create an abusive work environment. *Kang v. U. Lim Am., Inc*., 296 F.3d 810, 817 (9th Cir. 2002). Moreover, the work environment must be perceived as abusive from both a subjective and objective point of view. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). In examining whether

Reply Supporting Summary Judgment (No. 08-1601)   6

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

the workplace was objectively abusive, courts must consider the perspective of a reasonable person with the plaintiffs' same fundamental characteristics. *See Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995). Finally, in considering whether the discriminatory conduct was sufficiently severe or pervasive, courts must look to "all the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000 (*quoting Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)).

Here, Plaintiffs allegations, even if taken as true, do not amount to the "severe and pervasive" conduct required to support a claim. Plaintiffs complain vaguely of "hostility" and "pressure." Mr. Tides complains that he was yelled at on two separate occasions by different individuals. They complain that their supervisor told them they would not receive ratings above "meets expectations." Mr. Tides complains that his supervisor said she wouldn't have hired him. They complain that Boeing managers said that Sox was "going away," and that they were required to submit their work for review by their managers, some of whom worked as contractors from PwC.

Contrast those claims to those in cases where courts have found acts sufficient to support a claim of "hostile work environment." *E.g.*, *Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 872 (9th Cir. 2001) (male plaintiff endured an "unrelenting barrage of verbal abuse" including employees habitually calling him sexually derogatory names, referring to him with

Reply Supporting Summary Judgment (No. 08-1601)   7

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

the female gender, and taunting him for behaving like a woman.); Cr*aig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1056-57 (9th Cir. 2007) (female employee established a prima facie case for hostile work environment where her boss repeatedly solicited her to perform sexual favors over several months and engaged in five significant incidents of harassing conduct, including one in which he followed her into a women's restroom and kissed her).

There is no evidence that the conduct complained of here was because of Plaintiffs' alleged whistleblowing activities. Further, the type of conduct complained of here does not reach the level of severe and pervasive conduct required to support a claim for a hostile work environment. Nor is there sufficient evidence to demonstrate that the conduct complained of unreasonably interfered with Plaintiffs' work performance. For these reasons, these claims should be dismissed.

### C.   Plaintiffs Did Not Engage In Protected Activity

Plaintiffs claim four different categories of protected activity. None of these categories "specifically and definitively" relate to one of the categories of activity protected by the Act.[1]

---

[1] Should the need arise, Defendant will vigorously contest the factual allegations made by Plaintiffs. However, for purposes of summary judgment, the Court must accept as true Plaintiffs' allegations.

Reply Supporting Summary Judgment (No. 08-1601)   8

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

**1. Plaintiffs' Complaints about Compliance with the IIA Standards Were Not Protected Activity.[2]**

Plaintiffs contend they complained about three different categories of violations of the Standards of the Institute for Internal Auditors. Response pp. 15-20. However, IIA Standards are not federal law, nor are they rules or regulations of the SEC.

Plaintiffs contend that the NYSE Corporate Governance Rules require companies to have an internal audit function, and seem to argue (without evidence) that Boeing adopted the IIA Standards to comply with the NYSE rules. Plaintiffs note that the NYSE Rules were approved by the SEC, and apparently equate that with a rule of the SEC. The NYSE Rules are not federal law, nor are they SEC rules or regulations. *See*, 15 U.S.C. § 78f (allowing for self-regulated entities); *Cf.*, 17 C.F.R. § 240.19b-4; 17 C.F.R. 200.30-3(12) (regulations pertaining to self-regulated entities). At any rate, nothing in the NYSE rules, or the SEC rules or regulations give the IIA Standards the force of law or in any way mandate compliance with those rules.

Similarly, 15 U.S.C. § 78m(b)(2)(B), cited by Plaintiffs, does not mandate the use of IIA Standards, nor gives them the force of law. That law simply requires certain companies:

> [D]evise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that—
> (i) transactions are executed in accordance with management's general or specific authorization;
> (ii) transactions are recorded as necessary

---

[2] Boeing was at all times fully compliant with IIA Standards, however, for purposes of summary judgment, recognizes that the Court must accept Plaintiffs' claims as they are presented.

Reply Supporting Summary Judgment (No. 08-1601)   9

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

>> (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and
>> (II) to maintain accountability for assets;
> (iii) access to assets is permitted only in accordance with management's general or specific authorization; and
> (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences;

15 U.S.C. § 78m(b)(2)(B).  Nothing in this statute makes the IIA Standards into a rule or regulation of the SEC or a federal law protecting shareholders.

Likewise, nothing in § 404 of Sox requires compliance with the IIA Standards.  Plaintiffs cites to 17 C.F.R. §240, which requires companies to follow a suitable control framework.  Plaintiffs admit Boeing adopted the COSO Framework, Response p.15-16, which, while not mandated, meets this requirement.  68 Fed. Reg. 36636, June 18, 2003.  Nowhere, however, do Plaintiffs point out any rule or regulation that requires compliance with the IIA Standards.  Instead, they claim, without evidence, that Boeing adopted the IIA standard in order to comply with the COSO Framework, which was adopted to comply with the Act.  This does not make the IIA Standards a rule or regulation of the SEC, nor does it make them federal law.  Instead, Plaintiffs are complaining about Boeing's alleged violation of their own internal standards.  This is not protected activity.  A "disagreement with management" about internal procedures is not "protected activity of alleging intentional deceit of shareholders or violations of SEC rules or regulations." *Day v. Staples*, 555 F.3d 42, 51 (1st Cir. 2009).

Reply Supporting Summary Judgment (No. 08-1601) 10

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

### 2. Plaintiffs' Complaints about Falsifying Records Were Not Protected Activity.

Plaintiffs next claim that their complaints regarding the use of the Risk Navigator software program amounted to protected activity. Mr. Tides claims that he complained that Risk Navigator potentially allowed "unqualified people to improperly change ratings of information systems internal controls from fail to pass." Tides Decl. ¶ 44. Each claims to have "noted" the "lack of integrity of the data in Risk Navigator." Id. ¶ 27; Neumann Decl. ¶ 29. These vague allegations, even if credited, do not fulfill the requirements for "protected activity" under the law.

Although the allegations of illegal activity need not be ultimately substantiated, the complaint must be "grounded in conditions constituting reasonably perceived violations." *Robinson v. Morgan Stanly*, 2005 SOX 44 (ALJ March 26, 2007) (*quoting Minard v. Nerco Delamar Co.*, 92 SWD 1 (Jan. 25, 1995), slip op. at 8). A mere possibility that a challenged practice could adversely affect the financial condition of a corporation, and that the effect on the financial condition could in turn be intentionally withheld from investors, is not enough. *Stojicevic v. Arizona-American Water*, ARB No. 05-081, ALJ No. 2004-SOX-73 (ARB Oct. 30, 2007). Moreover, the statute requires Reid to have held a reasonable belief about an *existing* violation, inasmuch as the violation requirement is stated in the present tense: a plaintiff's complaint must be "regarding any ***conduct which [he] reasonably believes constitutes a violation*** of [the relevant laws]." 18 U.S.C. § 1514A(a)(1) (emphasis added). *Accord, Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 341 (4th Cir. 2006) ("the

Reply Supporting Summary Judgment (No. 08-1601) 11

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

employee must have an objectively reasonable belief that a violation is actually occurring based on circumstances that the employee observes and reasonably believes.") (construing the retaliation provision in Title VII, 42 U.S.C. § 2000e-3(a)).  The *Jordan* court rejected the claim that a reasonable belief that a violation has occurred or is in progress can include a belief that a violation is about to happen upon some future contingency. *See id*. at 340-41.  Likewise, complaints about purely internal practices that are not financial in nature and are not reported to shareholders do not meet the materiality requirement for an objectively reasonable belief in shareholder fraud.  *Day v. Staples*, 555 F.3d 42, 57-58 (1st Cir. 2009).

      Here, Plaintiffs' complaints about Risk Navigator allege at best the possibility that a control that should fail testing would be entered as passing, that someone would take advantage of that hypothetical weak control to manipulate financial data, that the hypothetical manipulation of financial data would not be caught by other controls, that the hypothetical undetected manipulation of financial data would make its way onto the financial statements, that this hypothetical misconduct would result in a material misstatement on the financial statements, and that this hypothetical material misstatement would not be found by the external auditors, Deloitte & Touche.  Even then, as Matt Bailey, Boeing's Senior Manager for Financial Compliance testified, it is "highly unlikely" that the failure of a general computing control could lead to a material misstatement.  Exhibit A.  Such an attenuated chain of remote possibilities cannot support a claim for protected activity. *Stojicevic v. Arizona-American Water*, ARB No. 05-081, ALJ No. 2004-SOX-73 (ARB Oct. 30, 2007).

Reply Supporting Summary Judgment (No. 08-1601) 12

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

### 3. Plaintiffs' Complaints about "Document Tampering" Were Not Protected Activity.

Plaintiffs rely on Auditing Standard 2, promulgated by the PAOCB, for their claim that complaints about changes to control documentation violated an SEC rule. Plaintiffs' claims are misplaced. Auditing Standard 2 was superseded by Auditing Standard 5 in 2007, and neither standard applies to a company's *internal* auditors. Those standards apply exclusively to the *external* auditors. Because these standards have no applicability to the actions of internal auditors, complaints that the internal auditors were not complying with those standards cannot reasonably state a potential violation of one of the categories of laws listed in § 1514A.

### 4. Plaintiffs' Complaints about Potentially Misleading External Auditors Were Not Protected Activity.

Plaintiffs next claim that their activities alleged violations of § 303 of Sox and the related implementing rules. Again, their claims are misplaced. Plaintiffs claim that this section prohibits the company from taking action that would cause an "auditor" to violate "other professional standards." Response p. 24-25. They claim that the IIA Standards qualify as "other professional standards" and their complaints about the IIA Standards and alleged violations are therefore protected.

However, as used in § 303, "auditor" refers to the *external* auditor, not the *internal* auditors. See § A101(a)(2) (defining "audit" as "an examination of the financial statements of any issuer by an *independent* public accounting firm" (emphasis added)). Nowhere do

Reply Supporting Summary Judgment (No. 08-1601) 13

Plaintiffs claim that they complained about interference with the external auditors, or the ability for those auditors to work within the IIA Standards. Nor is it possible for any information on Risk Navigator to mislead the external auditors, as they performed an independent audit in 2006 without relying on any of Boeing's internal work. Exhibit B.

### D. Plaintiffs Present No Evidence Demonstrating Any Alleged Protected Activity Was A Contributing Factor In Their Terminations.

Plaintiffs contend that their unauthorized release of information to the media was protected activity, and that therefore their terminations were illegal. This claim fails as a matter of law, as there is no protection for release of information to the media.

The sole claim in this case is that Plaintiffs were retaliated against for engaging in activity protected by the Sarbanes Oxley Act. See, Complaint. Plaintiffs cite an incredible number of other whistleblowing statutes and other inapposite law, but never refute the simple fact that § 806 protects only reports made to "(A) a Federal regulatory or law enforcement agency; (B) any Member of Congress or any committee of Congress; or (C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct)." 18 U.S.C. 1514A. By its plain and unmistakable language, the statute does not cover reports to the media.

Plaintiffs spend nearly six pages arguing about the expansive scope of six other whistleblowing acts. However, the only relevant point is found in footnote 126. After stating that these other whistleblowing statutes are ambiguous as to whom a report must be directed, Plaintiffs admit that "Sox is an exception and has arguably the most specific list of recipients

Reply Supporting Summary Judgment (No. 08-1601) 14

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

of the whistleblower's report." Response p.29 n.126. "The preeminent canon of [federal] statutory interpretation requires [a court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (*quoting Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). Thus, in the absence of a clear indication to the contrary, the Court should presume that Congress intended to exclude the media from the list of individuals to whom complaints are protected activity.[3]

Plaintiff next raises the First Amendment. Of course the First Amendment has no applicability to private actors. *See Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295, (2000); *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Even if it did, there is no claim in this case for a violation of First Amendment rights. In conjunction with their First Amendment claim, Plaintiffs note that Washington has created an exception to the employment-at-will doctrine for "clearly mandated public policy." Even if the unauthorized release of information to the media was somehow "clearly mandated public policy," (despite plain statutory language to the contrary), Plaintiff's complaint does not make a claim for wrongful termination under Washington law.

Finally, Plaintiffs allege that their releases to the media were protected by Section 7 of

---

[3] Plaintiffs' Exhibit 1 is not to the contrary. First, the Court should disregard it in its entirety. See Motion to Strike. Second, the letter is not the official position of OSHA, and even if it were, an Agency's interpretation may be disregarded where it is plainly erroneous or inconsistent with the law or regulation. *Thomas Jefferson*

Reply Supporting Summary Judgment (No. 08-1601) 15

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

the National Labor Relations Act.  Even if this were true, there is no claim here for violation of the NLRA (nor have Plaintiffs exhausted their administrative remedies for any such claims).  The NLRA is not one of the laws listed in 18 U.S.C. § 1514A.  Plaintiffs admit that Boeing Procedure 2227 governs the proper means of information protection, Response p. 34, and offer no evidence that their disclosures complied with those requirements.  At best, this allegation demonstrates a dispute between Boeing and Plaintiffs about the propriety of their termination under Boeing's policies, which is not actionable under Sox or other law.

Because Plaintiffs have failed to present any evidence that their involvement in any alleged protected activity was a contributing factor in their terminations, they have failed to make a *prima facie* case and the Court should grant Boeing's motion for summary judgment.

### E. Plaintiffs Present No Evidence To Contradict Defendant's Evidence That It Would Have Terminated Plaintiffs Even In The Absence Of Any Alleged Protected Activity.

Boeing presented the affidavits of the individuals who made the decision to terminate Mr. Tides and Mr. Neumann for creating unacceptable liability to The Boeing Company, aggravated by the fact that their actions had an adverse impact on The Boeing Company's reputation and relationships.  Exhibit G to Motion.[4]  That evidence demonstrated by clear and convincing evidence that each of the decision makers would have made the same decision

---

*Univ. v. Shalala*, 512 U.S. 504, 512 (1994).   Finally, the case cited in the letter is not a Sarbanes-Oxley case, and is therefore inapt.

regardless of any alleged protected activity.  Plaintiffs instead merely conclude, without an iota of supporting evidence, that "there is an issue of fact whether any part of Boeing's motivation for the termination included retaliation for protected activity."  Unlike in *Alice in Wonderland*, simply saying something is so does not make it so.  In order to rebut a party's motion for summary judgment, the non-moving party must point to specific facts supported by the record, which demonstrate a genuine issue of material fact.  R*eese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000).  Such specific facts, however, may not come from mere "allegations or denials in its own pleading."  Fed. R. Civ. P. 56(e)(2).  Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist.  *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983); *accord Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment.")

Because Plaintiffs have failed to meaningfully contest Boeing's proof that it would have terminated Plaintiffs' employment regardless of their alleged protected activity, let alone present evidence to the contrary, the Court should grant summary judgment and dismiss these claims.

### IV.   CONCLUSION

---

[4] Plaintiffs inaccurately state that the presumed punishment for their misconduct was "verbal warning."  As demonstrated by Plaintiffs' Exhibit 5, the presumed punishment, before aggravating circumstances are considered is "time off work."  Plaintiffs' Exhibit 5, p.15.

Reply Supporting Summary Judgment (No. 08-1601) 17

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

Plaintiffs have failed to come forward with admissible evidence that they engaged in any protected activity, that they were subjected to any adverse employment action other than termination, or that their alleged protected activity was a contributing factor to their termination. In addition, Boeing has proven by clear and convincing evidence, unrebutted by Plaintiffs, that it would have terminated Plaintiffs' employment regardless of any alleged protected activity. For these reasons, the Court should grant Boeing's motion for summary judgment and dismiss this case.

Respectfully submitted, this 18th Day of December, 2009.

Defendant The Boeing Company

_____s/ Eric B. Martin_____
Eric B. Martin (WSBA # 32896)
    *EMartin@McGuireWoods.com*
Jonathan P. Harmon (*pro hac vice*)
    *JHarmon@McGuireWoods.com*
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel: 804-775-1000
Fax: 804-775-1061

_____s/ Megan E. Blomquist_____
Megan E. Blomquist (WSBA # 32934)
    *MBlomquist@hwb-law.com*
Holmes Weddle & Barcott PC, local counsel
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Tel: 206-292-8008

Reply Supporting Summary Judgment (No. 08-1601) 18

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

Fax: 206-340-0289

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court via the CM/ECF System which will send notification of such filing to counsel as follows:

>John J. Tollefsen
>Tollerfsen Law Office, PLLC
>18225 8th Place West
>Lynnwood, Washington 98037-4901
>429-673-0300
>john@tollefsenlaw.com
>
>Thomas Edward Urschler
>Law Office of Thomas E Urschler
>8777 Big Bond Blvd.
>St Louis, MO 63119
>314-963-3335
>Email: turschler@sbcglobal.net

      s/ Eric B. Martin
Eric B. Martin (WSBA # 32896)
      *EMartin@McGuireWoods.com*
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel: 804-775-1000
Fax: 804-775-1061

Reply Supporting Summary Judgment (No. 08-1601) 20

McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804-775-1000